UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RD PROPERTIES OF METAIRIE, LLC                CIVIL ACTION

VERSUS                                         NO: 13-5520

SCOTTSDALE INSURANCE CO.                       SECTION: "A" (4)

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 4)** filed by defendant Scottsdale Insurance Co. Plaintiff has not filed a response to the motion.[1] The motion, scheduled for submission on September 25, 2013, is before the Court on the briefs without oral argument.

Plaintiff has filed this lawsuit to recover for property damage sustained during Hurricane Isaac to several apartment units located in Metairie, Louisiana. Plaintiff seeks additional policy proceeds, statutory penalties, and attorney's fees. (Rec. Doc. 1-3, Petition). Scottsdale removed the suit on August 21, 2013, and filed the instant motion to dismiss just one week later. Scottsdale contends that the complaint fails to contain sufficient factual material to satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007).

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues &*

---

[1] The Fifth Circuit has cautioned that district courts must consider the merits of a Rule 12(b)(6) motion to dismiss even where the plaintiff fails to respond to the motion. *Webb v. Morella*, 457 Fed. Appx. 448, 452 n.4 (5th Cir. 2012) (unpublished). It is improper for the Court to ignore the merits and simply grant the dispositive motion as unopposed. *See id.*

*Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)). The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

Rule 8(a)(2) requires only "a short and plain statement of the claim." This case does not present a situation like *Twombly* so as to require this Court to dismiss the complaint. The motion is therefore denied.

More problematic than the complaint, however, is Scottsdale's notice of removal. Scottsdale has not properly alleged the citizenship of the plaintiff entity[2] and therefore has not properly invoked federal court jurisdiction. The law in this circuit is now clear in that the citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 10-79-80 (5th Cir. 2008) (joining the numerous other circuits that determine the citizenship of an LLC by the citizenship of its members). The law in this circuit has long been clear in that citizenship must be "distinctly and affirmatively" alleged. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*quoting McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

Accordingly, and for the foregoing reasons;

---

[2] Scottsdale merely recited Plaintiff's allegations regarding the LLC's state of organization from paragraph 1 of the state court petition but those allegations were not pleaded for the purpose of establishing diversity of citizenship and they are insufficient for that purpose. (Rec. Doc. 1, Notice of Removal ¶ 7).

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 4)** filed by defendant Scottsdale Insurance Co. is **DENIED**;

**IT IS FURTHER ORDERED** that Scottsdale shall amend its notice of removal to properly allege the citizenship of the plaintiff LLC within **ten (10) days** from entry of this Order.

September 25, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE