UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RD PROPERTIES OF METAIRIE, LLC                    CIVIL ACTION

VERSUS                                            NO: 13-5520

SCOTTSDALE INSURANCE CO.                          SECTION: "A" (4)

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 19)** filed by defendant Scottsdale Insurance Co. Plaintiff RD Properties of Metairie, LLC opposes the motion. The motion, scheduled for submission on May 7, 2014, is before the Court on the briefs without oral argument.

Plaintiff has filed this lawsuit to recover for property damage sustained during Hurricane Isaac to several apartment units located in Metairie, Louisiana. Plaintiff seeks additional policy proceeds, statutory penalties, and attorney's fees. (Rec. Doc. 1-3, Petition). Scottsdale removed the suit on August 21, 2013, and moved to dismiss the case just one week later. The Court denied that motion on September 25, 2013. (Rec. Doc. 6). This matter is scheduled to be tried to a jury on June 30, 2013. (Rec. Doc. 13).

Scottsdale now moves for summary judgment on Plaintiff's claims for penalties and attorney's fees arguing that it did not act in an arbitrary and capricious manner with respect to the way it had handled Plaintiff's claim.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court is persuaded that issues of fact preclude summary judgment. Further, it has been the Court's approach with all of its hurricane cases that the question of penalties and attorney's fees be decided by the trier of fact at trial.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 19)** filed by defendant Scottsdale Insurance Co. is **DENIED**.

May 13, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE