UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RD PROPERTIES OF METAIRIE, LLC                CIVIL ACTION

VERSUS                                         NO: 13-5520

SCOTTSDALE INSURANCE CO.                       SECTION: "A" (4)

### ORDER AND REASONS

The following motions are before the Court: **Motion in Limine (Rec. Doc. 20)** and **Motion to Strike Affidavit of Don Kotter (Rec. Doc. 32)** filed by defendant Scottsdale Insurance Co. Plaintiff RD Properties of Metairie, LLC opposes the motions. The motions, submitted on May 21, 2014, are before the Court on the briefs without oral argument.

Plaintiff has filed this lawsuit to recover for property damage sustained during Hurricane Isaac to several apartment units located in Metairie, Louisiana. Plaintiff seeks additional policy proceeds, statutory penalties, and attorney's fees. (Rec. Doc. 1-3, Petition). Scottsdale removed the suit on August 21, 2013, and moved to dismiss the case just one week later. The Court denied that motion on September 25, 2013. (Rec. Doc. 6). On May 13, 2014, the Court denied Scottsdale's motion for partial summary judgment on the issue of penalties. (Rec. Doc. 28). This matter is scheduled to be tried to a jury on June 30, 2013. (Rec. Doc. 13).

Scottsdale now moves the Court to exclude Plaintiff's expert, Don Kotter. Scottsdale argues *inter alia* that Kotter's report includes charges for unnecessary work and for repairs not necessitated by hurricane damage. According to Scottsdale Kotter's opinions are simply too unreliable and should be excluded.

1

Scottsdale's invocation of the *Daubert*[1] reliability standard is unconvincing in light of the challenges that Scottsdale is making. All of Scottsdale's complaints about Kotter's report go to the weight of the evidence. If, as Scottsdale suggests, Kotter has used inflated numbers and attributed repairs to the hurricane that are not causally related to a covered event, then the trier of fact must reach that conclusion after careful consideration of all of the evidence. If the trier of fact is persuaded by Scottsdale's contentions regarding the evidence then the fact-finder will be free to give whatever weight to Kotter's testimony that the trier believes appropriate under the circumstances. Regarding its relevance argument, Scottsdale's reliance on rulings in other district court cases, without reference to the specific terms of its own policy, is likewise unpersuasive.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion in Limine (Rec. Doc. 20)** filed by defendant Scottsdale Insurance Co. is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Strike Affidavit of Don Kotter (Rec. Doc. 32)** filed by defendant Scottsdale Insurance Co. is **DENIED AS MOOT**.

May 22, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).